The circuit court, in an order set out in the opinion of the Court of Civil Appeals, Alabama State Personnel Board v.Hardy, [Ms. 2070589, Dec. 31, 2008] 27 So.3d 540, ___ (Ala.Civ.App. 2008), [1] gave a seemingly compelling explanation as to why each of the substantive grounds on which the administrative law judge based her recommendation to the State Personnel Board, in turn adopted by the State Personnel Board, to uphold the termination of Michael Hardy's employment with the Department of Youth Services was not supported by the evidence and/or the factual findings made by the administrative law judge herself. In this regard, the circuit court's reversal of the State Personnel Board's decision to uphold the termination of Hardy's employment appears to have been based on § 41-22-20(k)(5) through (7), Ala. Code 1975. Other than a constitutional due-process argument, Hardy states no ground for review by this Court relating to whether the Court of Civil Appeals erred in reversing the circuit court's judgment with respect to these substantive grounds.
[1] I refer the reader to the opinion of the Court of Civil Appeals for facts and procedural history pertaining to this case.